**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v().                                      CASE NO. 3:04-cv-674-J-25HTS

1,098.22 ACRES OF LAND,
etc., et al.,

    Defendants.

## **O R D E R**

This cause is before the Court on the following matters:

1. The Motion for Leave to File Reply to the United States' Fifty-Five Page Response to Gate's Third Motion to Compel (Doc. #52; Motion to File), filed on May 25, 2005. The Motion to File is opposed. United States' Opposition to Defendants' Motion for Leave to File Reply to the United States' Fifty-Five Page Response to Gate's Third Motion to Compel (Doc. #55), filed on June 2, 2005. Upon due consideration, the Motion to File (Doc. #52) is **GRANTED.** The Clerk of the Court is directed to file, forthwith, Gate's Reply to the United States' Response to Gate's Third Motion to Compel Production of Documents (Reply), attached to the Motion to File. The Reply will be considered in the resolution of the issues addressed herein.

2. Gate's Third Motion to Compel Production of Documents (Doc. #50; Motion), filed on May 7, 2005. Plaintiff opposes the Motion. United States' Response to Gate's Third Motion to Compel Production of Documents (Doc. #51; Opposition), filed on May 20, 2005.

Gate requests that the Court compel Plaintiff to produce documents related to the sale of former military bases in California. Motion at 2-3. It is argued these materials will "incorporate admissions against interest by the Government in regard to a central issue in this case--the physical possibility, legal permissibility, financial feasibility and maximal productivity of the conversion of large former military facilities to mixed-use residential and commercial developments." *Id.* at 4. As well, according to Gate, the documents would "assist the parties' appraisers in evaluating whether th[ose] transactions may be fairly utilized as comparable sales for purposes of the sales comparison approach to value." *Id.*

The United States contends the subject discovery is irrelevant. Opposition at 1. It states "[t]he sole issue before the Court is the determination of just compensation for the condemnation of defendants' industrial marine property on Blount Island in Jacksonville, Florida." *Id.* It is asserted the "California properties cannot be used as sales comparable to the subject" property, *id.* at 5, as the "true question in this case is

what could be physically, economically and legally done with the subject property as of August 10, 2004." *Id.* at 6.

In the Reply, Gate clarifies that the documents requested are discoverable because

> [t]he Government actively promoted (with astounding success) mixed-use redevelopment of [one of the properties], and reaped a substantial financial benefit as a result of [the developer's] mixed-use redevelopment of [the other].  The Government contends it would have been impossible for Gate to duplicate that success here, and that Gate is relegated to depressed industrial values.  Gate is therefore entitled to examine the . . . documents to determine whether they incorporate admissions against interest by the Government in regard to the *feasibility of the conversion of large former military-industrial facilities to mixed-use residential and commercial developments*[.]

Reply at 2.  In addition, Gate asserts it "should not have to accept the Government's unilateral determination of the[] lack of comparability."  *Id.*

Pursuant to Rule 26(b)(1), Federal Rules of Civil Procedure (Rule(s)), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The two requests at issue encompass documents relating to the United States offering and marketing the properties for sale or lease, evidencing the financial terms of the sale or lease, and "evidencing any estimate or opinion of the value at any time since

- 3 -

August 1, 1999[.]" Gate's Third Request for Production to Plaintiff United States (Third Request), attached to the Motion as Exhibit C, at 2; Gate's Fourth Request for Production to Plaintiff United States (Fourth Request), attached to the Motion as Exhibit D, at 2. In addition, Gate seeks "[a]ll accounting or other financial records . . . evidencing" the value of the properties since August 1, 1999, and "[d]ocuments evidencing any proposed plans for redevelopment or reuse of the" land.  Third Request at 3; Fourth Request at 3.

In this condemnation case, *see* Complaint (Doc. #1), the "just compensation" that the government must pay Gate "includes . . . [the] market value [the subject property] may command because of the prospects for developing it to the highest and best use for which it is suitable." *United States v. 320.0 Acres of Land*, 605 F.2d 762, 781 (5th Cir. 1979) (internal quotation marks omitted). As such, "condemnees are entitled not just to the value of their properties as used at the date of taking, but rather to the value [they would have] in the open market in light of the highest and most profitable use to which they might reasonably be devoted in the near future."  *Id.* at 811.

The Motion contends this is ascertained by examining what is "physically possible, . . . legally permissible, . . . financially feasible, and . . . maximally productive[.]"  Motion at 1-2.  The United States emphasizes this test "relates to the subject

property." Opposition at 4. The Court agrees with Plaintiff that to determine highest and best use, the inquiry is what might reasonably and legally be done with the property at issue. The use to which the California properties were put is not relevant to this determination.

With respect to comparability, "[c]ourts have consistently recognized that, in general, comparable sales constitute the best evidence of market value." *320.0 Acres of Land*, 605 F.2d at 798. That term has been defined to mean unforced sales "'of similar property in the vicinity at or about the same time [as the taking].'" *Id.* (quoting *United States v. Trout*, 386 F.2d 216, 223 (5th Cir. 1967)) (alteration in original). Thus, whether a sale is comparable depends on "characteristics of the properties, their geographic proximity to one another, and the time differential." *Id.*

Given these standards, the Court fails to perceive the relevance of the discovery regarding the California real estate in determining the value of the condemned land in Florida. The properties are not close in proximity. Further, the California property is inland, *see* Opposition at 1, 4, as opposed to the "deep water port property" for which Gate seeks compensation. *Id.* at 1.[1] It simply does not appear these distant properties provide

---

[1] Although the properties about which Gate seeks discovery are former military installments, *see* Motion at 2; Opposition at 3, this does not, in itself, make them relevant to the value of the Blount Island land.

information as to what uses would be "physically possible, . . . legally permissible, . . . financially feasible, and . . . maximally productive[,]" Motion at 1-2, on land located on Blount Island, or to the fair market value of that property once the highest and best use is determined. In light of the facts presented herein, and the Court having considered the positions of the parties, the discovery at issue does not appear "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1).

 Accordingly, the Motion (Doc. #50) is **DENIED**.

 **DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June, 2005.

          /s/  Howard T. Snyder
          HOWARD T. SNYDER
          UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
 and *pro se* parties, if any